## THE WANDERER.

*(Circuit Court, D. Louisiana.* April Term, 1880.)

SEAMEN'S WAGES—LIEN—DISCHARGE OF PURSER.

    A purser who is employed, by a vessel making regular trips between two ports, for a year has a lien for his wages for the entire year, and may enforce such lien against the vessel if discharged without cause before the end of the term for which he was employed.

Appeal in Admiralty.

*Joseph P. Hornor* and *Francis W. Baker,* for libelant.

*J. W. Gurley, Jr.,* for claimant.

WOODS, J. The case made by the libel is an action by a seaman to recover his wages. The libelant had made a contract of service for one year. He performed part of the contract, and was ready and willing to perform the residue, but was prevented by the master of the vessel, who discharged him without cause. He sues to recover the balance due on his salary for the year. If he performed

his duty while in the service of the vessel, and was ready and willing to perform it for the residue of his engagement, and was discharged without due cause, and was unjustifiably prevented from completing his contract, his rights are the same as if he had completed it. He is entitled to his wages for the whole year, and was entitled to sue for them on his discharge. He has been paid a part of his wages, and sues for the balance.

In the case of a contract for an ordinary seaman's wages, the lien should not, perhaps, be extended beyond a single voyage, as that is the usual time for which his engagement is made. But the case of a purser stands somewhat on a different footing. His connection with the vessel is generally more permanent than that of a common seaman. He represents to some extent the owners, and his qualifications are of such a character that a competent purser cannot usually be employed for a single trip. We, therefore, do not think an engagement of a purser for a year an unreasonable one, and such an engagement, we think, would be binding on the boat.

The case of libelant, therefore, falls within the thirteenth admiralty rule, which declares that "in all suits for mariner's wages the libelant may proceed against the ship, freight, and master, or against the ship and freight, or against the owner or master alone *in personam.*"

The cases cited by claimant are to the effect that a seaman discharged in a foreign port may sue for his three months' extra wages *in personam;* that a personal action for wages lies, immediately on the discharge of a seaman, against the master and owner, without waiting 10 days after the right of action has accrued, as required in an action *in rem;* that a stevedore has no maritime lien for his wages, and that an action *in rem* does not lie for refusal on the part of the master to perform a contract of charter-party. These cases do not meet the question. They may all be good law, yet they do not show, or tend to show, that the libelant has not a maritime lien for the demand set out in his libel. On the other hand, the case of *The Hudson,* Olc. 396, cited by libelant, is an authority directly in support of his right to proceed *in rem.*

We are of opinion, therefore, that the exception is not well taken, and must be overruled.

BRADLEY, Justice, concurred.