BATON ROUGE & B. S. PACKET CO. et al. v. GEORGE.

(Circuit Court of Appeals, Fifth Circuit. April 8, 1904.)

No. 1,276.

**1. SHIPPING—PILOTS—EMPLOYMENT—CONTRACTS.**

Where a steamboat was engaged in the regular coasting trade on inland rivers, a contract for the employment of a pilot for the term of one year, at the rate of $100 per month, payable weekly by the master of such vessel, was reasonable and binding on the vessel.

**2. SAME—APPEAL—FINDINGS OF DISTRICT JUDGE—REVIEW.**

On a libel in admiralty for breach of a contract for the employment of a pilot, a finding by the District Judge, on conflicting evidence, that a time contract was in fact made, would not be set aside on appeal as contrary to the weight of evidence.

Appeal from the District Court of the United States for the Eastern District of Louisiana, in Admiralty.

The following is the statement of the case and the opinion of the District Judge:

This is a libel in rem by George George, who avers that he was employed as pilot on board the steamer Julien Poydras for the term of one year, at the rate of $100 per month, payable weekly; that under the contract he performed his duties as pilot from September 20, 1901, until December 23, 1901, when the vessel was laid up and the libelant was discharged. He sues for the balance of his wages under the contract, viz., for $898.87. The claimant answered denying that the contract was for a term of one year, and averred that the employment was a hiring at will, and not for a definite period, and that all wages due him were paid to him on his discharge. The evidence showed that libelant earned as pilot on another vessel $480.32 between his discharge in this case and September 20, 1902.

PARLANGE, District Judge. It is perfectly clear that the libelant had a binding contract with the boat for a fixed term, as claimed by him, and that he was discharged without cause. The master has admitted the contract. This contract was a reasonable and proper one under the circumstances disclosed by the evidence, and the boat should be held to it.

The contract was executed in part. Its continuation and completion was prevented by the boat, and not by any act or omission of the libelant.

It is clear that the libelant is entitled to recover the damages which the breaching of the contract has caused him, and that he has a lien on the boat for such damages. Among other cases, see The Wanderer (C. C.) 20 Fed. 655, by Circuit Judge Woods, concurred in by Mr. Justice Bradley; The Mary Elizabeth (C. C.) 24 Fed. 397, by Circuit Judge Pardee; The Oscoda (D. C.) 66 Fed. 347, by Judge Coxe; Judge (now Mr. Justice) Brown in Scott et al. v. The Ira Chaffee (D. C.) 2 Fed. 401, especially at pages 401 and 403.

But the wages which the libelant earned after his dismissal from the Julien Poydras must be deducted from the aggregate claimed by him in his libel. Two adjudicated cases were cited in behalf of the libelant, in which it was held that certain set-offs to mariners' wages would not be allowed. These authorities are sound, but they do not apply. This is not a suit for mariners' wages; it is a suit for compensatory damages for the breach of a contract. The deductions should be made. See Judge Benedict in Fee et al. v. Orient Fertiliz-

ing Co. (D. C.) 36 Fed. 509. Notice Watts v. Camors, 115 U. S. 353, 6 Sup. Ct. 91, 29 L. Ed. 406, especially at pages 361, 362, 115 U. S., and pages 94, 95, 6 Sup. Ct., 29 L. Ed. 406.

There will be a decree in favor of the libelant for the aggregate claimed by him, less the amount he earned, within the term of the contract, after his discharge from the Julien Poydras.

Bernard Bruenn, for libelant.

John D. Grace, for Claimant Baton Rouge & Bayou Sara Packet Co.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is an appeal from a decree in rem to enforce a time contract for the employment of a pilot on the steamboat Julien Poydras, running in the regular trade on the Mississippi and Atchafalaya rivers. That contracts for a reasonable time can be made for the employment of pilots on boats engaged in making regular trips in the coastwise trade is settled in this circuit by The Wanderer (C. C.) 20 Fed. 655, and The Mary Elizabeth (C. C.) 24 Fed. 398.

The only open question on this appeal, therefore, is whether such a contract was made between the libelant, George George, and the master of the Julien Poydras. On this question the evidence is not only confused, but very conflicting, and, if the case were before us as an original proposition, we might well find on the evidence adduced that the alleged contract is not sufficiently proven. As the case is now before us on appeal, however, we find that the learned District Judge, reviewing the question in an opinion transmitted with the record, has found that the contract was proved, and, as he says, "admitted by the master." To now hold otherwise would be merely to substitute our conclusion on evidence for that of the District Judge when we are by no means satisfied that error can be predicated on his finding.

Under these circumstances, the majority of this court are of opinion that the decree appealed from should be affirmed; and it is so ordered.